**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARCUS CHISHOLM,** | ) | **CASE NO. 1:19CV1395** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **NEW CENTURY AUTO SALES, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #9) of Defendants, New Century Auto Sales, Inc. and RWOH, Inc. d/b/a Rightway Automotive Credit, to Compel Arbitration and to Dismiss, or alternatively, to Stay All Proceedings. For the following reasons, the Motion is granted in part and the above-captioned case is stayed and removed from the Court's active docket.

**I. BACKGROUND**

In February 2018, Plaintiff entered into a Retail Installment Contract with Defendants for the purchase of a used car. The Contract contains an Arbitration Provision which sets forth that either Plaintiff or Defendants may elect to resolve any Claim by neutral, binding

arbitration and not by a court action. "Claim" is defined as:

> any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to: 1. this credit application; 2. the purchase or the Property; 3. the condition of the Property; 4. this Contract; 5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or 6. any related transaction, occurrence or relationship. This includes any Claim based on common or constitutional law, contract, tort, statute, regulation or other ground.

(ECF DKT #9-1).

In this lawsuit, filed on June 16, 2019, Plaintiff alleges that Defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. Plaintiff alleges that Defendants circumvented the TILA disclosure requirements; and that Defendants intended to mislead purchasers as to the terms of the sale, particularly as to the amount of down payment and interest they would actually be required to pay.

Defendants contend in their Motion that the conspicuous, valid and mandatory Arbitration Provision governs Plaintiff's claims.

## II. LAW AND ANALYSIS

### The Federal Arbitration Act ("FAA") 9 U.S.C. §§ 1, *et seq*.

The FAA provides that an arbitration clause in a "transaction involving commerce ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2003). The FAA further mandates that when the Court is "satisfied that the making of the agreement for arbitration ... is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4 (2003).

The FAA establishes a liberal policy favoring arbitration agreements and any doubts regarding arbitrability should be resolved in favor of arbitration over litigation. *Masco Corp.*

*v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004); see *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003). "A central purpose of the FAA is 'to reverse the longstanding judicial hostility to arbitration agreements ... and to place arbitration agreements upon the same footing as other contracts.'" *In re Olshan Foundation Repair Company, LLC*, 328 S.W.3d 883, 891 (Tex.2010) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)).

The FAA requires courts to "rigorously enforce" arbitration agreements. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Yet, arbitration clauses are subject to the same defenses or bars as other contract provisions. 9 U.S.C. § 4 (2003). The Court must ascertain whether the parties agreed to arbitrate the dispute at issue. See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). A party cannot be required to arbitrate any dispute if the party has not agreed to do so. *Steelworkers v. Warrior & Gulf Co.*, 363 U.S. 574, 582 (1960); *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005). The FAA does not confer an absolute right to compel arbitration, but only a right to obtain an order directing that "arbitration proceed in the manner provided for in [the parties'] agreement." *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 469 (1989). The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000); *Gilmer*, 500 U.S. at 26.

In response to Defendants' Motion to Compel Arbitration, Plaintiff acknowledges: "Since Defendant has invoked the arbitration clause in the contract between the parties, this case may properly be submitted to arbitration." (ECF DKT #11 at 1). Further, Plaintiff

requests that this matter be stayed pending arbitration and not dismissed.

In view of Plaintiff's acknowledgment, the Court directs the parties to proceed to arbitration in accordance with the terms of their agreement. Moreover, upon the application of one of the parties, the FAA requires the Court to stay proceedings pending arbitration. 9 U.S.C. § 3. Therefore, the captioned matter is stayed pending completion of arbitration.

### III. CONCLUSION

For all the reasons set forth in this Opinion, the Motion (ECF DKT #9) of Defendants, New Century Auto Sales, Inc. and RWOH, Inc. d/b/a Rightway Automotive Credit, to Compel Arbitration and to Dismiss, or alternatively, to Stay All Proceedings is granted in part and the above-captioned case is stayed and removed from the Court's active docket.

**IT IS SO ORDERED.**

**DATE: August 23, 2019**

                                                s/Christopher A. Boyko
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**